# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF THE TREASURY,<br>1500 Pennsylvania Ave, N.W.<br>Washington, DC 20220,<br><br>        Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of the Treasury ("Treasury") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest

1

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at 1500 Pennsylvania Ave, N.W., Washington, DC 20220. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On September 6, 2011, Plaintiff sent a FOIA request to Defendant, by facsimile and certified mail, seeking access to the following:

> 1. Any and all records regarding, concerning or related to the issuance of loan guarantees to Solyndra LLC, Solyndra Inc., Solyndra Fab 2 LLC, and/or 360 Degree Solar Holdings Inc.
>
> 2. Any and all records of communication between any official, officer, or employee of the Department of Energy and any official, officer or employee of any other government agency, department or office regarding concerning or related to Solyndra LLC, Solyndra Inc., Solyndra Fab 2 LLC, and/or 360 Degree Solar Holdings Inc.
>
> 3. Any and all records of communications between any official, officer or employee of the Department of Energy and any official, officer or employee of the following entities regarding concerning or related to Solyndra LLC, Solyndra Inc., Solyndra Fab 2 LLC, and/or 360 Degree Solar Holdings Inc.:
>
>    Argonaut Private Equity LLC
>    Madrone Capital Partners LLC
>    U.S. Venture Partners (USVP) LLC
>    Rockport Capital Partners LLC.

6. Defendant responded to Plaintiff's FOIA request by letter dated September 8, 2011, stating that the request was received in the office on September 7, 2011. The letter stated that due to unusual circumstances regarding a search and review of the information requested, Defendant was taking an extension of "10 working days" to respond Plaintiff's request.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(B), Defendant was required to respond to Plaintiff's FOIA request within thirty (30) working days or by October 20, 2011.

8. As of the date of this Complaint, Defendant has failed to produce any records responsive to Plaintiff's request or demonstrate that responsive records are exempt from production.

9. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) and § 552(a)(6)(B), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records

withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   December 9, 2011

Respectfully submitted,

JUDICIAL WATCH, INC.

_____
Julie B. Axelrod
DC Bar No. 1001557


_____
Paul J. Orfanedes
DC Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*